

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROLYN F. WOODSON, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-03-CO-01347-S |
| CITY OF BIRMINGHAM and MARK HAYGOOD, | ] |
| Defendant(s). | ] |

## MEMORANDUM OF OPINION

This is an action brought pursuant to 42 U.S.C. § 1983 wherein the plaintiff claims she has been deprived of rights, privileges or immunities afforded her under the Constitution of the United States. The plaintiff claims she was subjected to excessive force, racial harassment, and unreasonable seizure by defendant Haygood. She also brings state law claims for negligence and wantonness.

Pursuant to this court's scheduling order, discovery is complete and the case has long been set for trial to commence in July of this year. Doc. 6. The cause is before the court on defendants' motion for summary

judgment, filed March 29, 2004. Doc. 17. The plaintiff has been afforded two opportunities to respond to the motion but has not made a submission of evidence.[1] Accordingly, the motion will be considered based on the record as it is presently comprised.

According to the evidence submitted by the defendants, the plaintiff was arrested on June 3, 2001, for disorderly conduct. Ex. 2. The police report provides that the arresting officers heard loud music and followed it to the source, finding plaintiff on her porch with a radio nearby. *Id.* According to the report, plaintiff became belligerent when she was asked to turn the music down. A large crowd began to gather and the plaintiff was subsequently arrested. *Id.*[2]

---

[1] After the motion was under submission, plaintiff filed a belated one-page response in which she argued she had stated a claim and that there were genuine issues of material fact. She stated she was relying on interrogatory answers from Mark Haygood, Rosalind Short, and Annetta Nunn, as well as the deposition of Annetta Nunn. None of these materials were submitted for the record.

[2] The evidence submitted by the defendants included the plaintiff's deposition, the pertinent arrest report and jail records, the Department Rules and Regulations, and plaintiff's responses to interrogatories. [Doc. 19]. In their statement of the case, the defendants asserted facts which were unsupported by this evidence. Accordingly, the court has not considered the assertions that plaintiff was drunk, that she loudly cursed the officers, struggled, and resisted arrest. None of these facts were included in the arrest report or other evidence. In any event, the plaintiff's contrary testimony creates material questions of fact regarding these assertions.

Plaintiff admitted she argued with the officers about her radio, but denied her radio was too loud. *Id.* She testified that, during her interaction with the officers, she went into her house to stir her cooking pots. She said Officer Haygood followed her in, approached her from behind and roughly handcuffed her. Ex. 1. She testified she neither struggled nor resisted arrest. She claimed Haygood cursed her and that she was bruised and injured when he handcuffed her. *Id.* She testified she became unconscious in the police station and sought treatment for her injuries the following Monday. She denied that she was intoxicated.

The City argues it is entitled to summary judgment on the plaintiff's constitutional claims because there is no respondeat superior liability under Section 1983. There is no evidence in the record that the City sanctioned or ordered Officer Haygood's allegedly unconstitutional activity, that Officer Haygood was a municipal officer with final policymaking authority, or that Haygood's allegedly unconstitutional actions were undertaken pursuant to an official municipal policy. Therefore, the City is entitled to summary judgment on the Section 1983 claims. *Pembaur v.* Cincinnati, 475 U.S. 469

(1986); Monell *v. New York City Dept. of Social Svcs.*, 436 U.S. 658, 691 (1978).

Officer Haygood argues he is entitled to qualified immunity as to the constitutional claims unless the plaintiff establishes his conduct was unreasonable in light of clearly established constitutional law. As noted above, the plaintiff's testimony of the circumstances surrounding her arrest varies in material ways from the facts set out in the police report. Taken in the light most favorable to the plaintiff, there are questions of material fact which prevent summary judgment for Officer Haygood as to the claims of excessive force and unreasonable seizure. There is no evidence of racial harassment and Officer Haygood's motion will be granted as to that claim.

Similarly, the disputes of fact prevent summary judgment as to the state law wantonness claim, although Officer Haygood and the City are entitled to summary judgment as to the negligence claim. Unless the plaintiff can prove bad faith, malice or willfulness, Alabama law enforcement officers and their employers enjoy statutory immunity from suit for the "performance of any discretionary function within the line and scope of [the officers'] law enforcement duties.'" *Wood v. Kesler*, 323 F.3d

872, 883 (11th Cir. 2003). Accordingly, Officer Haygood and the City will be granted summary judgment as to the negligence claims. Ala. Code § 6-5-338 (1975); *Sheth v. Webster,* 145 F.3d 1231 (11th Cir. 1998); *Ex parte City of Montgomery,* 758 So. 2d 565, 569-70 (Ala. 1999).

A separate order will be entered.

Done this 8 day of June 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE